UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

KAPILABEN C. PATEL,

Plaintiff,

- versus -

MICHAEL J. ASTRUE, Commissioner
of Social Security,

Defendant.

ORDER

10-CV-1437 (JG)

JOHN GLEESON, United States District Judge:

On September 18, 2012, counsel for Kapilaben C. Patel ("Ms. Patel") moved this Court pursuant to 42 U.S.C. § 406(b)(1) to authorize an award of attorney fees from Ms. Patel's past due social security disability insurance benefits in the amount of $27,067.23.   For the reasons set forth below, the motion is granted.

A.      *Background*

On September 16, 1998, Ms. Patel filed an administrative application for Social Security benefits, alleging that she became disabled beginning on November 15, 1994.   Her application was denied and, on June 28, 1999, she signed a retainer agreement with the Law Offices of Harry J. Binder and Charles E. Binder ("Binder & Binder"), to appeal the denial of benefits to the United States District Court.  According to the express terms of the retainer, if the district court remanded Ms. Patel's case to the Social Security Administration ("SSA") and, upon remand, the SSA awarded benefits, Ms. Patel would be obliged to pay Binder & Binder "twenty-five percent (25%) of the past due benefits"; however, if the appeal was unsuccessful, Ms. Patel would not be charged anything.  The retainer also acknowledged that any potential fee was subject to approval by the district court.  *See* Retainer Agreement, Ex. A, ECF No. 27-3.

In 1999, Ms. Patel requested that the denial of her Social Security benefits be reviewed by an Administrative Law Judge ("ALJ"), and, over the next ten years, she litigated her claim at the administrative level without success. *See* Binder Affirmation 1-3, Sept. 18, 2012, ECF No. 27-2 (describing Ms. Patel's efforts to secure benefits at the administrative level from 1999 to 2010). Binder & Binder does not elaborate on the extent of its representation during this ten-year period, but notes that it "submitted comments in support of [her] claim" to the Appeals Council[1] on May 6, 2004 and December 22, 2008. *Id.* at ¶¶ 3, 5.

On March 31, 2010, Ms. Patel, through her counsel, filed a civil action against the Commissioner of Social Security ("Commissioner") in this Court pursuant to 42 U.S.C. § 405(g). She alleged that she is disabled as a result of bilateral shoulder impairments and borderline intellectual functioning and that the Commissioner's decision to the contrary was not supported by substantial evidence. Compl., ECF No. 1. After briefing and oral argument, I granted Ms. Patel's motion for judgment on the pleadings, holding that the ALJ "failed to correctly apply the treating physician rule," and I remanded the case to the Commissioner for further proceedings. *See* Memorandum and Order 11, Dec. 10, 2010, ECF No. 23.

In 2011 the Commissioner re-opened Ms. Patel's disability case and, after two additional hearings, found that Ms. Patel qualified for disability benefits with an onset date of November 10, 1998. The SSA then sent Ms. Patel a notice informing her that she was entitled to $81,120.77[2] in past due benefits as well as $726.00 every month thereafter, and that it had withheld twenty-five percent of her past due disability benefits – or $27,067.23 – "in case [it] need[s] to pay your representative." Notice of Award 1-2, Aug. 7, 2012, ECF No. 27-3.

---

[1]     The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court. *See Califano v. Sanders*, 430 U.S. 99, 101-02 (1977); 20 C.F.R. § 404.981.

[2]     The SSA letter explained that it calculated the amount of past due benefits by first rounding to the nearest dollar, deducting Medicare premiums and workers compensation offsets, and adding a one-time Social Security benefit to which she was entitled in 1999. Notice of Award 1-2, Aug. 7, 2012, ECF No. 27-3.

On September 18, 2012, counsel petitioned this Court pursuant to 42 U.S.C. § 406(b)(1) for an award of attorney's fees in the amount of $27,067.23.  In support of its § 406(b) fee petition, Binder & Binder filed an Affirmation describing its work on the case, a copy of the retainer agreement signed by Ms. Patel, and an itemization of the 41.25 attorney hours spent representing Ms. Patel in this Court.  Counsel also indicated that, if awarded the full amount of fees it seeks in the § 406(b) motion, it will refund to Ms. Patel the $7,000.00 in Equal Access to Justice ("EAJA") fees, 28 U.S.C. § 2412, previously received for the same work.  *See* Binder Affirmation ¶ 16, Sept. 18, 2012, ECF No. 27-2.[3]

On September 19, 2012, I expressed my preliminary view that an award of $27,067.23 for 41.25 hours of work, which amounts to rate of more than $650 per hour, may be unreasonable.  I directed Ms. Patel to advise the Court whether her counsel had received additional remuneration other than the $7,000 in attorney's fees awarded pursuant to EAJA.  *See* Minute Entry, Sept. 19, 2012.  I also directed the Commissioner to inform this Court of its position on the reasonableness of the fee petition.

In response to this Court's request, Binder & Binder stated that it has not received any payment of fees under 42 U.S.C. § 406(a) for its work at the administrative level but that it might seek such fees if this Court authorized less than $27,067.23 under § 406(b).  *See* Letter from Binder & Binder, Sept. 20, 2012, ECF No. 28.  Moreover, in its letter to this Court, the Commissioner expressed its view that Binder & Binder's award would drop to $20,067.23 – and the corresponding hourly rate would drop to approximately $486 per hour – once Binder & Binder returned the $7,000 EAJA fee to Ms. Patel.  The Commissioner stated that it does not oppose the motion on the condition that the $7,000 in EAJA fees is returned to Ms. Patel and

---

[3]      As discussed *infra*, Binder & Binder is obliged by statute to remit the $7,000 EAJA award to Ms. Patel if awarded a larger fee under § 406(b).  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

indicated that the requested fee "does not appear to be unreasonable," Def.'s Letter 2, Oct. 3,

2012, ECF No. 29.

B.      *Discussion*

        1.   *Applicable Law*

        The statutory basis for an award of fees to a lawyer representing a client who

obtains Social Security benefits is set forth in The Social Security Act, 42 U.S.C. § 406(b)(1)(A),

which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court
> may determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due
> benefits to which the claimant is entitled by reason of such judgment . . .

"The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees

for successful representation of Social Security benefits claimants," and "[c]ollecting or even

demanding from the client anything more than the authorized allocation of past-due benefits is a

criminal offense." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002).

        Prior to *Gisbrecht*, the Circuit courts were split on how to determine the proper

fee under § 406(b) for Social Security claimants who entered into contingency fee agreements.

The Second Circuit subscribed to the minority view, holding that contingency fee agreements

should generally be honored unless the court could provide specific reasons why the agreed-to

fee should be reduced.  *See Wells v. Sullivan*, 907 F.2d 367, 371-72 (1990).  A majority of

Circuits, however, subscribed to the lodestar method under which, irrespective of whether a

claimant had signed a contingency fee agreement, district courts would determine a reasonable

fee by assessing the number of hours reasonably spent on the case, and then multiplying that

number by a reasonable hourly rate.  *See Gisbrecht*, 535 U.S. at 797-800.

*Gisbrecht* rejected the lodestar approach and clarified the legal framework to be used for awarding attorney's fees under § 406(b).  The Supreme Court held that "§ 406(b) [was designed] to control, not to displace, fee agreements between Social Security benefits claimants and their counsel[,]" *id*. at 793, and instructed district courts to "approach [§ 406(b)] fee determinations by looking *first* to the contingent-fee agreement, [and] *then* testing it for reasonableness." *Id.* at 808 (emphasis added).

The Supreme Court did not provide a definitive list of factors to consider when assessing the reasonableness of a fee petition.  Instead, it gave examples of proper reasons for reducing § 406(b) requests, such as: (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id*. at 808.  Ultimately, however, the Supreme Court left it to each court to make the reasonableness determination, noting that judges are well-equipped and well-accustomed to the task.  *Id.* ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts.")  Although *Gisbrecht* acknowledged that "a downward adjustment [may be appropriate] . . . in order [to] . . . disallow for windfalls" *id*., it left it up to the district judge to conclude when a contingent fee award was so large as to constitute a windfall.

Although neither the Supreme Court nor the Second Circuit has provided guidance on how to assess whether a fee amounts to a "windfall," courts in this Circuit consistently look to the hourly rate and compare it to the number and value of the services rendered.  *Compare Morro v. Barnhart*, No. 02 Civ. 4265 (E.D.N.Y. April 25, 2006) (awarding $30,782.30 in fees for 41.5 hours in federal court, which amounted to an hourly rate of $741.74);

5

*Joslyn v. Barnhart*, 389 F.Supp.2d 454, 457 (W.D.N.Y. 2005) (awarding $38,116.50 in fees for

42.75 hours before that court, amounting to $891.61 per hour), *with George v. Astrue*, No. 04

Civ 1545, 2009 WL 197054, at *2 (E.D.N.Y. 2009) (finding that an award that resulted in a

$1,275.34 per hour for 26.5 hours of work was unreasonable); *Benson v. Astrue*, No. 04 Civ

8358, 2009 WL 82581, at *3-5 (E.D.N.Y. 2009) (rejecting as unreasonable an award that would

result in a rate of $1,034.48 per hour for 14.5 hours of work).

2. *$27,067.23 is a reasonable fee under the circumstances*

In accordance with the Supreme Court's holding *Gisbrech*, I begin my assessment

of Binder & Binder's fee petition by looking at the contingency fee agreement.  I find that Binder

& Binder's requested fee clearly falls within the statutory cap of no more than twenty-five

percent of past due benefits. 42 U.S.C. § 406(b); *see Gisbrecht*, 535 U.S at 803

("Characteristically . . . attorneys and clients enter into contingent-fee agreements specifying that

the fee will be 25 percent of any past-due benefits") (internal quotation marks omitted).  As there

is no basis in the record from which to conclude that this contingency fee was induced by fraud, I

find that Ms. Patel freely entered into the agreement that bears her signature.

Next, I consider the reasonableness of the fee petition in light of the specific facts

of this case.  According to the time records submitted, Binder & Binder spent approximately

twenty-five hours reviewing Ms. Patel's file, drafting a statement of facts, and doing research.

Counsel spent another approximately fifteen hours drafting the brief and preparing for oral

argument.   Based on my review of the briefs submitted, I find this attorney time to be a

reasonable assessment of the time spent on the case.

A bill of $27,067.23 for 41.25 hours of work would result in a fee of

approximately $650 per hour.   Based on my review of the specifics facts of this case, I find that

a $27,067.23 fee would not be a "windfall" to Binder & Binder. In reaching this conclusion, I

consider many factors including, the complexity of the legal issues presented, the risk of loss that

Binder & Binder undertook when it took Ms. Patel's case, the fact that neither Ms. Patel nor the

Commissioner has objected to this award, and the magnitude of the award Ms. Patel received as

a result of Binder & Binder's representation. Looking to the facts of this case, it is clear that it

was a complex case with a lengthy, 924-page administrative record. Indeed, the Commissioner

sought permission to file an over-sized brief, and it dedicated over two-thirds of the 49-page

brief to synthesizing the facts, medical evidence and procedural history. Binder & Binder also

submitted a response brief that distilled the complex facts into a digestible form and made a

persuasive argument for remand. At oral argument on November 10, 2010, Binder & Binder was

prepared and thorough.

Binder & Binder concedes, as it must, that it may not keep the $7,000 EAJA

award if it is awarded the fees it seeks under § 406(b). Such a concession is simply an

acknowledgement that Binder & Binder has a right to keep up to $27,067.23 available under §

406(b) *or* the $7,000 EAJA award under 28 U.S.C § 2412. *See Gisbrecht*, 535 U.S. at 796 ("Fee

awards may be made under both [EAJA and Section 406(b)], but the claimant's attorney must

refund to the claimant the amount of the smaller fee. Thus, an EAJA award offsets an award

under Section 406(b), so that the amount of the total past-due benefits the claimant actually

receives will be increased by the EAJA award up to the point the claimant receives 100 percent

of the past-due benefits.") (internal quotation marks, citation, and text modifications omitted);

*see also* Pub.L. No. 99-80, § 3, 99 Stat. 183 (1985) (uncodified) ("where the claimant's attorney

receives fees for the same work under both [42 U.S.C. § 406(b)] and [28 U.S.C. § 2412], the

claimant's attorney [must refund] to the claimant the amount of the smaller fee."). Binder &

Binder does not have the right to keep fees under *both* § 406(b) and EAJA, and its acknowledgment of this fact is immaterial in my assessment of the reasonableness of the requested fee. [4]

C.    *Conclusion*

In light of the factors discussed above, as well as Binder & Binder's affirmation that it will not seek additional fees pursuant to 406(a), I find that $27,067.23 is "reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807.  Accordingly, the Clerk of Court is respectfully requested to enter a judgment for Binder & Binder in the amount of $27,067.23.

So ordered.

John Gleeson, U.S.D.J.

Dated:  November 26, 2012
        Brooklyn, New York

---

[4]    The Commissioner concluded that, by remitting the $7,000 EAJA fee to Ms. Patel, Binder & Binder's § 406(b) award would be reduced to $20,067.23.  I disagree.  Binder & Binder will receive $27, 067.43 for 41.25 hours of work pursuant to § 406(b), and this compensation reflects a rate of approximately $650 per hour. That Ms. Patel will receive an additional $7,000 in benefits as a result of Binder & Binder's relinquishment of the $7,000 EAJA award has no effect on the hourly rate at which Binder & Binder is compensated under § 406(b).